UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

PATRICIA K. DAVIS,

    Plaintiff,

    v.                                     Case No. 2:19-cv-3466
                                          Chief Judge Edmund A. Sargus, Jr.
                                          Magistrate Judge Chelsey M. Vascura

JEFF MCCLAIN, *et al.*,

    Defendants.

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Patricia K. Davis, an Ohio resident proceeding without the assistance of counsel, has submitted a request to file a civil action *in forma pauperis*. (ECF No. 1.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

This matter is also before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e), which provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*   \*   \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

Further, to properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd*., *P'Ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank* , 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.

In her Complaint, Plaintiff identifies herself as "one of the Sovereign people who hold all political power according to Art.*,* Sec. 2 of the Ohio constitution." (Compl. ¶ 5, ECF No. 1-1.) As such, Plaintiff alleges, she "may keep the fruits of her labor without taxation." (*Id*. at ¶ 7.) Plaintiff names individuals who work for the Ohio Department of Taxation and the Internal Revenue Service ("IRS") as defendants, alleging that their collection of taxes or attempts to collect taxes violate various provisions of the United States Constitution. Plaintiff attaches notices from the Ohio Department of Taxation and the IRS to her Complaint.

3

Plaintiff's Complaint appears to be asserting some form of a "sovereign citizen" claim. The United States Court of Appeals offered the following description of the sovereign-citizen movement:

> The "sovereign citizen" movement is a highly disperse, antigovernment movement. Tax protesting or tax defiance seems to be a logical consequence of the movement's beliefs. In general, sovereign citizens believe that the United States Government, including the IRS, is a fraud and that they, the sovereign citizens, retain an individual common law identity exempting them from the authority of those fraudulent government institutions.

*United States v. Gooch*, 595 F. App'x 524, 527 n.1 (6th Cir. 2014) (internal quotation marks and citation omitted) *see also United States v. Alexio*, CR Nos. 13-01017 JMS, 13-01018 JMS, 2015 WL 4069160, at *2 (D. Haw. July 2, 2015) (quoting *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011)) ("Adherents of such claims or defenses 'believe that they are not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings.'").

Courts have routinely found sovereign-citizen arguments to be "frivolous and a waste of court resources." *Payne v. Kida*, No. 15-cv-14127, 2016 WL 491847 at *4 (E.D. Mich. Jan. 6, 2016), *report and recommendation adopted*, No. 15-CV-14127, 2016 WL 465486 (E.D. Mich. Feb. 8, 2016) (collecting cases); *Kinstle v. Bunting*, No. 3:13CV998, 2016 WL 3668027, at *4 (N.D. Ohio July 11, 2016) (collecting cases). Moreover, courts have rejected the particular sovereign-citizen type of claim Plaintiff appears to advance here, namely, that her status as a sovereign citizen relieves her of her obligation to pay taxes. *See, e.g.*, *United States v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1994) (dismissing "free sovereign" type of arguments in a federal tax case as "completely without merit" and "patently frivolous"); *see also Cheek v. United States*, 498 U.S. 192, 199 (1991) (rejecting the sovereign-citizens' movement's belief in the unconstitutionality of income taxation); *cf. United States v. Coleman*, 871 F.3d 470, 476 (6th Cir.

2017) ("Defendant's legal arguments directly correspond to meritless rhetoric frequently espoused by tax protesters, sovereign citizens, and self-proclaimed Moorish-Americans.").

For these reasons, the undersigned finds Plaintiff's Complaint to be frivolous and thus **RECOMMENDS** that this action be **DISMISSED** pursuant to § 1915(e)(2).

### III.

Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is **GRANTED**. For the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

                                                                                          /s/ *Chelsey M. Vascura*
                                                                                         CHELSEY M. VASCURA
                                                                                         UNITED STATES MAGISTRATE JUDGE