UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

PATRICIA K. DAVIS,

    Plaintiff,

v.

JEFF MCCLAIN, *et al.*,

    Defendants.

Case No. 2:19-cv-3466
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

This matter is before the Court for consideration of the Magistrate Judge's *August 19, 2019 Report and Recommendation* (ECF No. 3) addressing Plaintiff Patricia K. Davis's *Objections to the Report and Recommendation.* (ECF No. 4). For the reasons stated herein, the Court **OVERRULES** Plaintiff's *Objections to the Report and Recommendation* (ECF No. 4) and **ADOPTS** the *August 19, 2019 Report and Recommendation.* (ECF No. 3). The above-captioned case is **DISMISSED**.

I.

Plaintiff Patricia K. Davis ("Plaintiff") brings this action asserting that she "is one of the [s]overeign people who hold all political power according to Art. I, Sec. 2 of the Ohio [C]onstitution." (Compl. ¶ 5, ECF No. 1-1.) Plaintiff alleges in her Complaint that she has particular rights including "an unalienable right to property and equal protection of the laws," and the right to "keep the fruits of her labor without taxation." (*Id.* at ¶¶ 6–7.) Plaintiff brings this suit against Ohio Tax Commissioner Jeff McClain and Internal Revenue Service employees Terner Mnuchin, and Charles P. Rettig (collectively "Defendants"). Plaintiff alleges that Defendants

1

demanded she pay unauthorized taxes on her labor and threatened to levy her labor for not paying the unauthorized taxes. (*Id.* at ¶¶ 10–11.)

Based on these events Plaintiff alleges Defendants' actions deprived her of her right to property, equal protection off the laws, and the pursuit of happiness. (*Id.* at ¶¶ 13–15.) She alleges Defendants have conspired to deprive her of such rights under color of law. (*Id.* at ¶¶ 18–19.) Additionally, she alleges Defendants abused their discretion, exceeded their authority, and acted outside of their official duties. (*Id.* at ¶¶ 21–23.) Finally, Plaintiff alleges this caused her "harm and damage[s]" through "mental and physical suffering, insomnia, worry, financial insecurity, [and] stress and strain in [her] relationships." (*Id.* at ¶¶ 25–26.) She asks for general damages, punitive damages, that the fees, penalties, and taxes she owes be vacated as void, and that Defendants be removed from their respective offices and prosecuted. (*Id.* at ¶¶ 28–31.)

Based on these events and allegations, Plaintiff, proceeding without counsel, filed a Motion for Leave to Proceed *in forma pauperis* and initiated an action against Defendants. (ECF Nos. 1, 2.) The Court granted her request to proceed *in forma pauperis* in accordance with 28 U.S.C. § 1915(e)(2)(b). (Order & R. & R., ECF No. 3. [hereinafter R. & R.].) The Magistrate Judge concurrently issued a *Report and Recommendation*, which recommended dismissing the action for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(b). Pursuant to 28 U.S.C. § 636(b)(1) Plaintiff objected to the *Report and Recommendation*. (Pl.'s Objs. Magistrate's R. & R., ECF 4 [hereinafter Pl.'s Objs.].)

## II.

If a party objects within the allotted time to a report and recommendation, 28 U.S.C. § 636(b)(1) provides that a district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which the objection is made. The

district court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."

The federal *in forma pauperis* statute is "designed to ensure indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (citing *Adkins v. E. I. Dupont De Numours & Co.*, 335 U.S. 331, 342–43 (1948)). Recognizing, however, that a litigant whose costs are assumed by the public "lacks economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits," Congress included subsection (e) authorizing federal courts to dismiss certain claims *sua sponte*. *Id.* Courts may, *sua sponte*, dismiss claims which they determine are "frivolous or malicious" or "fail[] to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Neitzke*, 490 U.S. at 324.

Additionally, complaints must satisfy Federal Rule of Civil Procedure 8(a), requiring a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court's standards articulated to govern dismissals under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim apply also to § 1915(e). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Rule 8(a) "imposes legal *and* factual demands on the author of complaints." *16630 Southfield Ltd. P'ship v. Flagstar Bank*, 727 F.3d 502, 504 (6th Cir. 2013).

In evaluating a complaint to determine whether it states a claim upon which relief can be granted under Rule 12(b)(6), a court must construe it in the light most favorable to the plaintiff and determine whether the factual allegations present any plausible claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); see also *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (clarifying the plausibility standard articulated in *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility of an

3

inference depends on many considerations, "including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504. Although a plaintiff's complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555.

"Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be construed liberally." *Garret v. Belmont Cty. Sherriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (Citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, this lenient treatment has limits, "a pro se pleading must provide the opposing party with notice of the relief sought . . . it is not within the purview of the district court to conjure up claims never presented." *Frengler v. GM*, 482 F. App'x 975, 977 (6th Cir. 2012).

### III.

Plaintiff states four objections to the Magistrate Judge's Report and Recommendation. Plaintiff objects to: (1) the Magistrate Judge's conclusion that she failed to state a claim upon which relief may be granted; (2) the Magistrate Judge's assertion that Plaintiff is a member of the sovereign-citizen movement; (3) the Magistrate Judge's assertion that the Complaint is frivolous; and (4) the fact that the Defendants have not yet been served.

**A. Plaintiff's First and Third Objections: Plaintiff Objects to the Magistrate Judge's Assertions that the Complaint Fails to State a Claim upon which Relief May be Granted and is Frivolous**

Plaintiff states in her first objection that she has not failed to provide a short and plain statement of the claim showing she is entitled to relief in accordance with Rule 8(a)(2). (Pl.'s Objs. at 2.) In support, Plaintiff lists many of the same statements she provided in her complaint.

(Pl.'s Objs. at 2–3.). Similarly, Plaintiff's third objection argues that the Magistrate Judge's statement that her claim is frivolous is incorrect. (*Id.* at 4.)

The Supreme Court has stated that a claim that a citizen's status as a "sovereign citizen" relieves them of their obligation to pay taxes is "completely without merit and patently frivolous." *United States v. Mundt*, 29 F.3d 233, 237 (1991). Similarly, courts have found no merit in claims where petitioners assert the state or federal government has no jurisdiction over them because they are a "sovereign citizen." *Galuzzo v. Ohio*, No. 2:17-cv-499, 2017 U.S. Dist. LEXIS 97095, at *2 (S.D. Ohio June 23, 2017) ("To the extent that [petitioner's] claim is based on a 'sovereign citizen' theory, it is not likely to succeed on the merits."); *Payne v. Klida*, No. 15-CV-14127, 2016 U.S. Dist. LEXIS 14968, at *3 (E.D. Mich. Jan. 6, 2016), report and recommendation adopted, No. 15-CV-14127, 2016 U.S. Dist. LEXIS 14649 (E.D. Mich. Feb. 8, 2016) ("The Court notes that Plaintiff's legal theories regarding why he is not bound by state law appear to grow out of the 'sovereign citizen' movement, which courts around the nation have repeatedly and completely rejected."); *United States v. Ross*, No. 3:11-CR-032, 2012 U.S. Dist. LEXIS 131390, at *5 (E.D. Tenn. Sept. 14, 2012) (finding defendant's view that there is no jurisdiction over him because he is a sovereign citizen unpersuasive because "[p]rior rulings by this court have made clear that the [this view is] frivolous in [its] entirety."); *Kinstle v. Bunting*, No. 3:13cv998, 2016 WL 3668027, at *4 (N.D. Ohio July 11, 2016) ("Courts, including the Sixth Circuit Court of Appeals, have routinely rejected as frivolous arguments that challenge jurisdiction by claiming that a criminal defendant is a 'natural man, a Sovereign state born citizen, a private human being.'") (collecting cases); *Aden v. Cong*, No. 3:15-cv-907, 2015 U.S. Dist. LEXIS 170838, at *3 (M.D. Tenn. Dec. 21, 2015.) ("[L]abeling one's self as a 'sovereign citizen' does not immunize a person from the jurisdiction or processes of the state or federal courts."). The consensus that these claims are

5

unpersuasive has been specifically applied in cases where a citizen claims they are not required to pay taxes. *Colar v. Heyns*, No. 1:12-cv-1269, 2013 U.S. Dist. LEXIS 4316, at *9 (W.D. Mich. Jan. 11, 2013) ("[I]n the context of challenges to income-tax prosecutions, the Supreme Court has held that beliefs about taxation held by self-described sovereign citizens are unreasonable.") (citing *Cheek v. United States*, 498 U.S. 192, 199 (1992)).

Plaintiff claims that the attempted collection of taxes, and levy on her labor for nonpayment of such taxes, violate her rights as "one of the [s]overeign people who hold all political power." The Court agrees with the Magistrate Judge that based on the caselaw above this is the type of claim courts have found is without merit and frivolous. Thus, the Court agrees with the Magistrate Judge that Plaintiff does not state a claim upon which relief may be granted under Rule 8(a)(2) and that Plaintiff's claim is frivolous. Plaintiff does not assert any other ground on which a claim for relief could be granted. Plaintiff's first objection and third objection are overruled.

### B. Plaintiff's Second Objection: The Magistrate Judge Incorrectly States Plaintiff is Part of the Sovereign-Citizen Movement

Plaintiff's second objection is that she has never claimed to be a member of the "sovereign-citizen movement" but only claims to be one of the sovereign people of this country. (Pl.'s Objs. at 3.) The Sixth Circuit described the sovereign citizen movement as:

> The "sovereign citizen" movement is a highly disperse, antigovernment movement. Tax protesting or tax defiance seems to be a logical consequence of the movement's beliefs. In general, sovereign citizens believe that the United States Government, including the IRS, is a fraud and that they, the sovereign citizens, retain an individual common law identity exempting them from the authority of those fraudulent government institutions.

*United States v. Gooch*, 595 F. App'x 524, 527 n.1 (6th Cir. 2014) (internal quotation marks and citation omitted); *see also United States v. Pryor*, 842 F.3d 441, 445 n.2 (describing the sovereign citizen movement as "an ideology that rejects the legitimacy of United States jurisdiction over its

6

adherents."). Our sister district courts have described the sovereign citizen movement similarly. *See e.g, Aden,* 2015 U.S. Dist. LEXIS at *3 ("Members of the 'sovereign citizen' movement claim to be immune from all state and federal laws by virtue of their supposed identities as descendants of indigenous peoples and for other reasons."); *Folson-El Bey v. Wells Fargo Home Mortg.,* No. 11-cv-13534, 2012 U.S. Dist. LEXIS 58365, at *5 (E.D. Mich. Apr. 26, 2012) ("'Free sovereigns' . . . believe they have been 'redeemed' from the 'slavery' imposed by 'admiralty law,' and consider themselves free from its obligations including federal income tax, state registration requirements, and private contracts.").

Plaintiff does not believe herself to be apart of the sovereign-citizen movement, but the Report and Recommendation does not assert that Plaintiff is involved in any particular movement but only that "Plaintiff's Complaint appears to be asserting some form of 'sovereign citizen' claim." (R. & R. at 4.) This correctly characterizes Plaintiff's claim. Plaintiff is asserting that the collection of taxes violates her rights because she is a sovereign. This is the type of claim the sovereign citizens movement puts forth. Additionally, the characterization of the movement or the claim does not affect whether it states a claim upon which relief may be granted, and as explained above, Plaintiff's claim does not. Plaintiff's second objection is overruled.

### C. Plaintiff's Fourth Objection: The Defendants Should Have Been Served

Plaintiff's fourth objection is that the "[C]omplaint has not been served upon Defendants to allow them to present their defenses." (Pl.'s Objs. at 4.) When a Plaintiff files a motion to proceed *in forma pauperis* which is granted in accordance with 28 U.S.C. 1915(a) the district court must review the complaint to determine, among other things, whether the plaintiff stated a claim upon which relief may be granted. *Figel v. Overton,* 221 F. App'x 642, 645 (6th Cir. 2005). "This review by the district court is mandatory and 'must occur even before process is served . . .'" *Id.*

7

(citing *McGore v. Wrigglesworth,* 114 F.3d 601, 608–09 (6th Cir. 1997). Thus, there is no error in dismissing this case prior to service of Defendants and Plaintiff's fourth objection is overruled.

## IV.

In conclusion, the Court **OVERRULES** Plaintiff's *Objections* (ECF No. 4) and **ADOPTS** the *August 19, 2019 Report and Recommendation* (ECF No. 3), thereby **DISMISSING** the action. The clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

11-8-2019
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**